## STEPHENS v. BIDDLE, Warden, etc.

Circuit Court of Appeals, Eighth Circuit.
June 10, 1927.

No. 7596.

**Habeas corpus ⊜⟶92(1)—In habeas corpus proceeding to obtain release from imprisonment after conviction, inquiry is limited to question of jurisdiction of convicting court.**

In habeas corpus proceeding to obtain release from imprisonment after conviction, inquiry is limited to question of jurisdiction of trial court, which sentenced petitioner to imprisonment.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus proceeding by R. L. Stephens against W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan. From a judgment dismissing the petition, petitioner appeals. Affirmed.

R. L. Stephens, in pro. per.

Al. F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before LEWIS and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PER CURIAM. Appellant seeks release from imprisonment resulting from his conviction of a charge in an indictment that he had possession of one pint of whisky in Tulsa county, Okl.; the place where the said liquor was so had, possessed, and kept being a part of the Indian Territory before Oklahoma was admitted as a state. The offense charged, and of which appellant was convicted, is defined by the Act of June 30, 1919 (41 Stat. 4; U. S. Comp. Stat. 1923 Supp. § 4137aa). His petition for the writ of habeas corpus was dismissed and he appeals.

Our inquiry is limited to the subject of jurisdiction of the trial court which sentenced the appellant to imprisonment, and as to that there can be no doubt. We have sustained convictions under the Act of June 30, 1919, many times. See Sharp v. United States (C. C. A.) 16 F.(2d) 876, and cases there cited. We decline to again consider and discuss attacks on that act. This appeal is wholly without merit.

Affirmed.