**BRIGGS v. WHITE, Warden. ***

Circuit Court of Appeals, Eighth Circuit.
April 2, 1929.

No. 8054.

Charles C. Briggs, pro se.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., and L. E. Wyman, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for defendant in error.

*Rehearing denied July 22, 1929.

Before STONE and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is an appeal from the dismissal of a petition for a writ of habeas corpus.

In September, 1923, appellant was indicted on a charge of forgery in connection with government securities to which he entered a plea of guilty. He was not sentenced thereon until March, 1925, when Judge Kennamer imposed a sentence of six months in a state jail.

In June, 1925, appellant was indicted for using the mails in furtherance of a fraudulent scheme. This criminal act was charged to have been committed in November, 1924. On a plea of not guilty, he was convicted and sentenced in January, 1926. Immediately after this last conviction, he was incarcerated at Leavenworth to serve a sentence of five years and is now confined under that sentence. He has never served the jail sentence under the forgery indictment.

This petition for the writ seeks to have this court review both convictions. As he is not confined under the forgery conviction, he is in no position at this time to question that matter. His contention that the existence of this unserved jail sentence on the forgery indictment prevents his procuring a parole is something we cannot consider in this matter. That is a matter entirely within the discretion of the parole board.

In regard to the conviction under which he is now confined, he presents three contentions. The first is that the grand jury of the Eastern district of Oklahoma had no authority in June, 1925, to indict him for an offense committed in November, 1924, in territory constituting a part of the Northern district of Oklahoma at the time of finding the indictment; second, that the court for the Eastern district of Oklahoma was without jurisdiction to assign that case for trial at Ardmore, in the Eastern district, because the offense was committed in the Northern district; third, that he has been denied the right to perfect a writ of error from the above conviction.

As to the first and second contentions, the offense charged was committed in Tulsa county, in November, 1924, before the creation of the Northern district and while that county was a portion of the Eastern district of Oklahoma. Thereafter, and before the indictment, the Northern district had been created and was functioning. The act (43 Stat. 945) creating the Northern district provides (section 5) that, after the organization of the Northern district, the jurisdiction "to commence and proceed with the prosecution of crimes and offenses committed therein prior to the establishment of the said Northern district" shall be excepted and shall be governed by "any law applicable in the case of the creation or change of the divisions or districts of District Courts of the United States."

Section 121, 28 USCA, relating to the formation of new districts or divisions, provides that: "Prosecutions for crimes and offenses committed within such district, division, county, or territory prior to such transfer, shall be commenced and proceeded with the same as if such new district or division had not been created, or such county or territory had not been transferred, unless the court, upon the application of the defendant, shall order the cause to be removed to the new district or division for trial."

As this crime was committed within the Eastern district before the formation of the Northern district, section 121 above required that the indictment should be brought in the old Eastern district and also provided that the trial and subsequent proceedings should be in that district unless the defendant should apply for an order removing the trial to the Northern district. As appellant makes no claim that he filed such application for removal the indictment and trial were in the only district authorized by law. The exact situation existing in this case has been recently adjudicated as above in an able opinion by Judge Van Valkenburgh in Lewis v. United States (C. C. A.) 22 F.(2d) 760 (affirmed by Supreme Court, 49 S. Ct. 257, 73 L. Ed. —, March 5, 1929). Therefore, there is nothing in the first and second contentions raised by appellant.

His third contention is that he was incarcerated a few days after conviction; that he was acting as his own attorney in the matter of procuring a writ of error from such conviction; that he applied to the warden for permission to write additional letters to enable him to perfect and prosecute such writ of error; that he was denied this privilege; that he, therefore, was prevented by an officer of the government from instituting such review proceedings; and that, therefore, he is entitled to the writ of habeas corpus to test out the questions he would have raised in such writ of error. As his petition for the writ was dismissed without judicial investigation of the fact as to whether he had been denied by the warden the privilege of corre-

spondence necessary to institute the review proceedings, we have no way of knowing whether he could have proven those allegations. While it is settled law that the writ of habeas corpus cannot be employed as a substitute for a writ of error and can go only to the questions of jurisdiction and legality of sentence, yet if the government, through its officers, makes it impossible for a convicted person to secure and prosecute a writ of error from such conviction, he has a remedy, by habeas corpus, to raise all of the questions he might have raised under the perfected writ of error. However, this record reveals that the matters which appellant would have tested by his writ of error are solely jurisdictional and are raised in this petition for the writ of habeas corpus. Such matters are those examined and are determined by us above and are without merit. Therefore, it is clear that the prevention of his writ of error has resulted in no injury to him and that he has here raised and had determined all of the questions he would have raised therein.

The order dismissing the petition should be and is affirmed.