## TINKOFF v. ZERBST.
### No. 1379.

Circuit Court of Appeals, Tenth Circuit.
Nov. 29, 1935.

Rehearing Denied Jan. 2, 1936.

James A. McClure, of Topeka, Kan., and Paysoff Tinkoff, of Chicago, Ill., pro se., for appellant.

D. C. Hill, Asst. U. S. Dist. Atty., of Topeka, Kan., for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

This is an appeal by Tinkoff whose petition for writ of habeas corpus was denied by the court below. He was tried and found guilty by the District Court for the Northern District of Illinois on two counts of an indictment. It is here stipulated that Tinkoff is an attorney at law and resident of the state of Illinois; that on June 14, 1932, he was jointly indicted with one Newman for wilfully attempting to defeat and evade Federal income taxes for 1928 of W. J. Newman Company, a corporation, and W. J. Newman individually; that he was convicted on two counts, and on July 30, 1934, he was sentenced to imprisonment for a term of eighteen months in the Federal penitentiary at Leavenworth, Kansas; that thereafter and in due time, on October 27, 1934, he perfected an appeal to the Circuit Court of Appeals for the Seventh Circuit; that prior to his trial and until December 6, 1934, he was at large on bail bond; on December 5, 1934, he was ordered to give an appearance bond by noon of December 6, 1934; that while in default of giving said bond within the time limited the Marshal took him into custody, transported him to Leavenworth against his will, and delivered him into the custody of respondent warden for the purpose of executing said sentence, where he has since been held; that thereafter and on April 25, 1935, the United States Circuit Court of Appeals for the Seventh Circuit dismissed Tinkoff's appeal [77 F.(2d) 1016] for want of prosecution on motion of the United States and mandate issued on May 16, 1935, to the District Court wherein he was convicted.

Tinkoff's commitment to the penitentiary on December 6, 1934, was in violation of his rights. Having appealed from the judgment of conviction and sentence he was entitled to go at large on a bail bond reasonable in amount if he could give satisfactory surety for his appearance, until final judgment against him, and if he could not furnish such bond it was his right to·be only deprived of his liberty by the United States Marshal until such final judgment, usually by detention in jail. He could not without his consent be put in a penitentiary in execution of his sentence during that time. Rossi v. United States (C.C.A.) 11 F.(2d) 264; Bennett v. United States (C. C.A.) 36 F.(2d) 475; Ex parte Harlan (C. C.) 180 F. 119; Hudson v. Parker, 156 U. S. 277, 15 S.Ct. 450, 39 L.Ed. 424; Rose ex rel. Carter v. Roberts (C.C.A.) 99 F. 952.

The principle under consideration is embodied in rule 5 of the Rules of Practice and Procedure in Criminal Cases adopted by the Supreme Court (28 U.S.C.A. following section 723c), but which became effective after the verdicts and judgment in this case.

It further appears in the record brought here that Tinkoff was engaged in the preparation of a bill of exceptions taken to the trial proceedings in the case in which he was convicted at the time the United States Marshal took him in custody and transported him to Leavenworth, Kansas, and that after his incarceration on account of the strict regulations of the penitentiary in which he was held he could not within the time limited procure the services of counsel to complete and file in the trial court his said bill of exceptions, nor was he permitted to have the necessary time and facilities in the institution to complete them himself, although he made every effort to do so. Because of the facts so stated the record that went up on appeal contained nothing that occurred throughout the trial. A memorandum opinion of the Court of Appeals [77 F.(2d) 1016] shows that the United States moved to dismiss for want of prosecution. It is further stated in that opinion that because of Tinkoff's insistence that he be permitted to prepare the papers necessary to the prosecution of his appeal the execution of the sentence was stayed until the 7th day of December, 1934; that no bill of exceptions had in that time been settled and none had been signed; that the term at which the sentence was pronounced had expired; and that time to file the bill of exceptions was not extended beyond the term at which judgment was pronounced. Thereupon the motion to dismiss was sustained.

The obstruction of Tinkoff's efforts to complete his bill of exceptions himself immediately after he was wrongfully confined in the penitentiary and the obstruction during that time of sufficient opportunity to obtain outside counsel for the purpose of having him prepare and file the bill of exceptions is relied on here as ground for relief also. The case of Briggs v. White (C.C.A.) 32 F.(2d) 108, supports that contention.

The Assistant District Attorney for Kansas appearing for appellee brought here a complete transcript, as he represented, of the trial proceedings and tendered it for our examination; but it is well settled that a petition for the writ can not be resorted to for the correction of errors. A writ of error, now called an appeal, is the procedure for that purpose. Moreover, inquiry is confined to the question of the jurisdiction of the trial court. Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L. Ed. 236; Humphries v. Biddle (C.C.A.) 19 F.(2d) 193; Stephens v. Biddle (C.C.A.) 20 F.(2d) 662; Tullidge v. Biddle (C.C.A.) 4 F.(2d) 897; Frazier v. Anderson (C.C. A.) 2 F.(2d) 36; Maust v. Warden (C.C. A.) 283 F. 912. In Ex parte Belt, 159 U. S. 95, 96, 100, 15 S.Ct. 987, 988, 40 L.Ed. 88, the court said:

"The general rule is that the writ of habeas corpus will not issue unless the court under whose warrant the petitioner is held is without jurisdiction, and that it cannot be used to correct errors. Ordinarily, the writ will not lie where there is a remedy by writ of error or appeal, but in rare and exceptional cases it may be issued although such remedy exists."

Clearly the trial court should not have issued the commitment pending petitioner's appeal. That objection, however, may have become moot on the dismissal of that appeal on April 25, 1935. But both grounds of complaint under consideration, his wrongful detention in the penitentiary pending his appeal and its unavoidable effect in preventing him from perfecting his appeal, occurred after trial and judgment. These acts were in violation of his rights, and while we do not believe he should be discharged on the writ, we are disposed to afford him the alternative remedy which he seeks, an opportunity to obtain relief, if he can, from the court or courts that originally dealt with his case. We are therefore releasing him on bail bond for forty days for that purpose; his release, however, shall in no manner affect the completion of his sentence at the end of said forty days, provided he shall be unable to have his appeal reinstated or otherwise obtain correction of his claimed errors in those courts. We therefore order that the appellee warden release him from custody for forty days on his giving a bail bond in the form hereinafter set forth and the delivery of said bail bond to the warden for safe keeping, the sufficiency of the surety or sureties thereon having been approved by Circuit Judge George T. McDermott of To-

peka, Kansas, or either of the District Judges of the District of Kansas, viz.:

**Tinkoff's Appearance Bond**

Know All Men by These Presents:

That we, Paysoff Tinkoff, as principal, and ———— ———— as sureties, are held and firmly bound unto the United States of America in the full sum of Seventy-five Hundred Dollars, to be paid to the United States of America, to which payment we bind ourselves, our heirs and administrators jointly and severally by these presents.

Sealed with our seals and dated this ———— day of ————, A. D. 1935.

Whereas the said Tinkoff was on July 30, 1934, sentenced to confinement for a term of eighteen months in the United States penitentiary at Leavenworth, Kansas, by the United States District Court for the Northern District of Illinois after trial and conviction in said court; and

Whereas he was granted an appeal to the United States Circuit Court of Appeals for the Seventh Circuit on October 27, 1934, and thereafter while said appeal was so pending in said Circuit Court of Appeals he was on December 7, 1934, put upon execution of said judgment by incarceration in said penitentiary, where he has since remained against his will and protest; and

Whereas the District Court for the District of Kansas denied the said Tinkoff on his petition release from said penitentiary, and he has appealed therefrom to this court; and

Whereas this court has adjudged that in furtherance of justice said Tinkoff shall be released from said confinement for a period of forty days to enable him to go to Chicago for the purpose of attempting to correct the wrongs against him as we have adjudged he has suffered by being placed on the execution of said judgment while his said appeal was so pending in said Circuit Court of Appeals for the Seventh Circuit.

Now the condition of the above obligation is such that if the said Tinkoff shall fail in obtaining the correction of the errors complained of within forty days after his release from confinement in said penitentiary, the said Tinkoff shall immediately thereupon and within said forty days voluntarily surrender himself to the custody of the warden of said penitentiary and thereupon continue in confinement in exe-cution of said judgment as though his release under this bond had not been granted; and his failure to so surrender himself shall be taken as a forfeiture of this bond and constitute an unconditional obligation of him and his sureties to pay to the clerk of the United States District Court for the District of Kansas said sum of Seventy-five Hundred Dollars; but should he obtain a reinstatement of his said appeal to said United States Circuit Court of Appeals for the Seventh Circuit within said forty days and provisions for hearing said appeal on its merits this obligation shall thereupon become void, otherwise to remain in full force and effect.

————————(Seal)
————————(Seal)
————————(Seal)

Approved:

————————

Judge.

Let the said order be so entered.