## In re TINKOFF.*
### No. 6575.

Circuit Court of Appeals, Seventh Circuit.

Jan. 28, 1938.

Paysoff Tinkoff, in pro. per.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

## PER CURIAM.

The court upon its own motion has ordered Paysoff Tinkoff to show cause why his name should not be stricken from the roll of attorneys who have been admitted to practice before this court.

The disbarment of Paysoff Tinkoff is predicated upon this court's affirmance (Tinkoff v. United States, 7 Cir., 86 F.2d 868) of a judgment of the District Court for the Northern District of Illinois based upon a jury's verdict finding said Paysoff Tinkoff guilty of the felony of willfully attempting to defeat and evade income taxes owed by another individual and two

companies for whom he was counselor. Upon conviction of this charge said Tinkoff was sentenced to serve a sentence in a federal penitentiary. Upon affirmance of this sentence by the Circuit Court of Appeals, said Paysoff Tinkoff applied to the Supreme Court for a writ of certiorari, which was denied (301 U.S. 689, 57 S.Ct. 795, 81 L.Ed. 1346) and a petition for rehearing, which was also denied (301 U.S. 715, 57 S.Ct. 937, 81 L.Ed. 1366).

The original appeal to this court from the judgment was dismissed (7 Cir., 77 F.2d 1016) for deficiencies in procedure. Petition to the Supreme Court for mandamus to direct this court to reinstate the appeal was denied. Ex parte Tinkoff, 296 U.S. 548, 56 S.Ct. 176, 80 L.Ed. 388. Thereafter, while confined in Leavenworth penitentiary, said Tinkoff was granted by the Tenth Circuit (Tinkoff v. Zerbst, 80 F.2d 464) a forty days' release upon habeas corpus in order to seek reinstatement of his appeal to this court. This court reinstated the appeal and heard full arguments. Extensive briefs were submitted. The court concluded that, irrespective of the procedural defects, the merits of the case necessitated this court's affirmance of the judgment.

Mr. Tinkoff has filed an answer setting forth in detail the merits of his defense in the criminal prosecution, alleging the introduction of false testimony which was prejudicial to him, and the improper reception of hearsay evidence.

From a careful examination of Mr. Tinkoff's answer and the entire record, we are convinced that his privilege to practice before the Bar of this court should be revoked.

This court has promulgated a rule (6(2) which authorizes us to strike the name of an attorney from the list of those authorized to practice before this court, provided it is made to appear that said attorney has been convicted of a felony. Irrespective of any formal rule of court, it is, we believe, incumbent upon the federal courts to preserve the reputation of the Bar practicing before said federal courts by excluding those who have been convicted of serious criminal offenses. It is obviously impossible to uphold the good reputation of the Bar, or of any other group, if those who are members may continue in good standing, notwithstanding they are serving or have served sentences in the federal penitentiary because of their

crimes. Every court owes it to the Bar as well as to itself and to the public to maintain the respect of all for the good reputation of the Bar.

It is likewise clear that we cannot permit collateral attacks on judgments duly entered by courts of competent jurisdiction such as is attempted by Mr. Tinkoff in this case.

A trial by court and jury was duly had. The jury found Mr. Tinkoff guilty after he and his client had both testified fully. The court sustained the verdict and adjudged both client and attorney to be guilty. The client was found guilty on his own confession. Mr. Tinkoff, the attorney who prepared the income tax returns which were found to be false upon the records and the oral testimony of numerous witnesses, was found guilty on this trial. This judgment was affirmed on appeal and upon application to the United States Supreme Court certiorari was denied.

This court cannot and should not retry the case. Upon such a record, the court has no alternative but to strike Mr. Tinkoff's name from our rolls. Having forfeited his right to practice law, a proper regard for the good reputation of the Bar makes our duty clear.

The clerk will enter an order striking Mr. Paysoff Tinkoff's name from the roll of attorneys.