**In re TINKOFF.**

No. 6702.

Circuit Court of Appeals, Seventh Circuit.

Nov. 10, 1938.

Rehearing Denied Feb. 21, 1939.

Paysoff Tinkoff, pro se.

James W. Morris, Asst. Atty. Gen., and Michael L. Igoe, U. S. Atty., Raymond P. Drymalski, Asst. U. S. Atty., and Carl R. Perkins, Sp. Asst. U. S. Atty., all of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and TREANOR, Circuit Judges.

342

TREANOR, Circuit Judge.

This is an appeal from an order of the United States District Court, Northern District of Illinois, Eastern Division, striking the name of appellant, Paysoff Tinkoff, from the roll of attorneys of said court and forever disbarring him from further and future practice as an attorney, counselor, advocate, and proctor of the Court.

The proceeding for disbarment was initiated by a petition which recited as grounds for the proposed disbarment that Paysoff Tinkoff had been convicted in the District Court for the Northern District of Illinois of the felony of willfully attempting to defeat and evade the payment of taxes lawfully due to the United States of America from another person and two companies for whom he was acting as counselor. The petition further recited that the judgment of conviction of the District Court was affirmed by the Circuit Court of Appeals [1] and that Tinkoff's application to the Supreme Court of the United States for writ of certiorari was denied.[2] The petition also recited that Paysoff Tinkoff had served the sentence imposed upon him, less allowance of time off for good behavior. It also appears from the petition that on the 1st day of June, 1937, the name of the respondent was by order of the Supreme Court of Illinois stricken from its roll of attorneys, and that by such order he was forever disbarred from the practice of law in any of the courts of the State of Illinois.

Respondent's answer, or response, consisted of allegations of fact, which if true, established that his conviction in the criminal case had been obtained as a result of perjury committed with the knowledge and consent of the prosecuting officials, the contention of respondent being that the fraud thus practiced upon the trial court made the judgment of conviction a nullity. Upon motion of petitioner the District Court struck the respondent's answer for the reason, as stated by respondent in his appeal brief, that the judgment of conviction in the criminal case was final and conclusive in the present disbarment proceeding and that a hearing on the issues attempted to be raised by the response would amount to a retrying of the criminal cause.

Respondent's cause on appeal presents the single question of whether he was entitled to present evidence in the disbarment proceeding for the purpose of "showing that the said conviction is of no legal force and effect and is absolutely null and void"; the ultimate purpose being to destroy the effect of the judgment in the criminal case in so far as it adjudicates a fact which necessarily constitutes cause for disbarment.

In an original proceeding in this Court entitled In re Tinkoff [3] the present respondent was ordered to show cause why his name should not be stricken from the roll of attorneys who had been admitted to practice before this Court. The proceeding in this Court to disbar Mr. Tinkoff was predicated upon the conviction which is the basis of the instant proceeding. In the former proceeding, as in the present one, Mr. Tinkoff filed an answer setting forth in detail the merits of his defense in the criminal prosecution alleging the introduction of false testimony which was prejudicial to him, and the improper reception of hearsay evidence.

The opinion of this Court in the original proceeding called attention to a court rule [4] which authorizes us to strike the name of an attorney upon a showing that the attorney has been convicted of a felony. It was further held that irrespective of any formal rule of court it would be the duty of a federal court to strike from its list of attorneys the name of one who had been convicted of a serious criminal offense. Furthermore, this court held that it could not retry the case and should not entertain in the disbarment proceeding a collateral attack on a judgment of conviction which had been duly entered by a court of competent jurisdiction.

What this Court said in respect to its duty applies with equal force to the District Court in the instant proceeding. The District Court properly refused to retry the original criminal case for the purpose of showing that the judgment of that case was wrong. In the original criminal cause it was adjudicated that the respondent was guilty of the commission of the charged felony. The judgment of the trial court

---

[1] Tinkoff v. United States, 7 Cir., 86 F.2d 868.

[2] 301 U.S. 689, 57 S.Ct. 795, 81 L.Ed. 1346.

[3] 7 Cir., 95 F.2d 651, petition for writ

of certiorari denied 58 S.Ct. 1049, 82 L. Ed. 1538, May 23, 1938.

[4] Rule 6, Paragraph 2 of the U. S. Circuit Court of Appeals for the Seventh Circuit.

was affirmed by this Court and certiorari was denied by the Supreme Court. That judgment was an adjudication of the fact that the respondent had committed the acts which in law constituted the charged felony, and such adjudication is binding upon the District Court, and this Court, and is not subject to a collateral attack in a disbarment proceeding which is predicated upon the facts adjudicated in the criminal cause. It is conceivable that the circumstances under which an attorney has participated in the wrongful conduct of a client might be such that moral turpitude would be slight and yet the attorney might be guilty in fact and in law of a crime. Such a situation might justify less drastic action than permanent disbarment of the attorney. In such a case it would be proper for a court to hear testimony for the purpose of deciding whether in the exercise of its discretion it should impose a penalty less drastic than permanent disbarment, despite the adjudication of the fact of guilt. But such evidence would not be admissible for the purpose of retrying the issue of guilt of the attorney.

■ In the instant case respondent was convicted of a felony in the commission of which he used his knowledge and skill as an attorney to aid his clients to violate the law of the United States. The District Court was bound to accept as a fact that he was guilty of the crime. In view of the nature of the crime and the trial court's judicial knowledge of the facts relating to the attorney's participation therein there would have been no justification for the trial court's considering evidence in extenuation of respondent's misconduct on the assumption that the court, in its discretion, might impose a penalty less than disbarment.

Respondent places special emphasis upon the discussion and decision of the United States Supreme Court in the case of Selling v. Radford.[5] In that case an order was sought from the Supreme Court striking the name of Radford from the roll of the members of the Bar of that Court. The petition filed with the Supreme Court alleged that the Supreme Court of Michigan had affirmed an order of a court of original jurisdiction in Michigan, which order disbarred Radford for professional misconduct. The petition filed in the Supreme Court of the United States was accompanied by a copy of the opinion and order

of disbarment entered by the court of original jurisdiction as well as a copy of the opinion and order of the Supreme Court of Michigan in the certiorari proceeding. In the course of the discussion of the effect which should be given to the disbarment order of the Supreme Court of Michigan the United States Supreme Court stated the following propositions: "In coming to solve that question three things are patent: (a) That we have no authority to re-examine or reverse, as a reviewing court, the action of the supreme court of Michigan in disbarring a member of the Bar of the courts of that state for personal and professional misconduct; (b) that the order of disbarment is not binding upon us as the thing adjudged in a technical sense; and (c) that albeit this is the case, yet, as we have previously shown, the necessary effect of the action of the supreme court of Michigan, as long as it stands unreversed, unless for some reason it is found that it ought not to be accepted or given effect to, has been to absolutely destroy the condition of fair private and professional character, without the possession of which there could be no possible right to continue to be a member of this Bar."

■ The foregoing, by necessary implication, supports the conclusion that a state court's order of disbarment predicated upon wrongful personal and professional conduct is not binding upon a federal court "as the thing adjudged in a technical sense."

■ The order of disbarment by a state court necessarily determines that the misconduct of the attorney constitutes cause for disbarment from practice in the state court. To that extent it is binding upon federal courts. But the order of disbarment does not create a legal status of professional unworthiness which must be accepted by federal courts as an adjudicated fact for purposes of a disbarment proceeding in a federal court. A state court is without power to adjudicate what constitutes cause for disbarment in a federal court.

■ If in the instant case the District Court had been asked to enter an order of disbarment solely upon a showing that respondent had been disbarred by the Supreme Court of Illinois because of personal and professional misconduct, the discussion and holding in Selling v. Radford would have been applicable. But respond-

---

[5] 243 U.S. 46, 37 S.Ct. 377, 378, 61 L. Ed. 585, Ann.Cas.1917D, 569.

ent is complaining of an order of disbarment in a federal district court which was predicated upon a verdict and judgment in a federal court of competent jurisdiction, by which verdict and judgment it was adjudicated that respondent was guilty of a felony which was committed in connection with his professional activities. The verdict and judgment in the criminal cause is binding on the District Court "as the thing adjudged in a technical sense"; and the "thing adjudged," namely felonious misconduct in the course of professional activities, constitutes cause for disbarment.

We hold that the District Court did not err in striking respondent's answer and in entering the order of disbarment.

The order of the District Court is affirmed.