**TINKOFF v. UNITED STATES.**

No. 10637.

United States Court of Appeals, Seventh Circuit.

April 15, 1954.

Paysoff Tinkoff, Jr., Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

Paysoff Tinkoff, appellant here, was disbarred pursuant to this court's opinion, reported as In re Tinkoff, 7 Cir., 1938, 95 F.2d 651. That disciplinary action was described 95 F.2d 651, as being:

"* * * predicated upon this court's affirmance (Tinkoff v. United States, 7 Cir., 86 F.2d 868) of a judgment of the District Court for the Northern District of Illinois based upon a jury's verdict finding said Paysoff Tinkoff guilty of the felony of willfully attempting to defeat and evade income taxes owed by another individual and two companies for whom he was counselor. Upon conviction of this charge said Tinkoff was sentenced to serve a sentence in a federal penitentiary. Upon affirmance of this sentence by the Circuit Court of Appeals, said Paysoff Tinkoff applied to the Supreme Court for a writ of certiorari, which was denied (301 U.S. 689, 57 S.Ct. 795, 81 L.Ed. 1346) and a petition for rehearing, which was also denied (301 U.S. 715, 57 S.Ct. 937, 81 L.Ed. 1366)."

Shortly thereafter this Court reviewed and affirmed, In re Tinkoff, 7 Cir., 1939,

101 F.2d 341, his disbarment by the District Court for that same conviction.

People ex rel. Chicago Bar Association v. Tinkoff, 1948, 399 Ill. 282, 77 N.E.2d 693, 694 certiorari denied 334 U.S. 833, 68 S.Ct. 1348, 92 L.Ed. 1760, rehearing denied 334 U.S. 682, 68 S.Ct. 1530, 92 L.Ed. 1782 contains some historical background of action taken at the state level:

> "Prior to the June term, 1937, of this court, Paysoff Tinkoff was a duly licensed attorney at the bar of this court and his name appeared on the roll of attorneys. During said term he was disbarred. In March, 1944, and again in November, 1946, he petitioned this court to have his name reinstated on the roll of attorneys. Both petitions were denied."

These 1948 proceedings, of the Illinois Supreme Court, 399 Ill. 282, 77 N. E.2d 693, culminated in holding Tinkoff guilty of contempt of court for the unauthorized practice of law and fining him $500.

Tinkoff's current effort is to obtain a review of an order, entered below on January 4, 1952, denying him leave to file his petition for reinstatement as a member of the bar of that Court. He also brings before us an order dated February 4, 1952 denying his petition to vacate the January order.

Seeking to annul these orders, appellant insists he possesses a "right", to petition, of so potent a status that the district judge must receive and entertain his petition. This is the framework on which he hangs argument raising constitutional questions. Mr. Justice Vinson, when delivering the order of the Court, reported as In re Isserman, 1953, 345 U.S. 286, 289, 73 S.Ct. 676, 677, 97 L.Ed. 1013, aptly said:

> "* * * There is no vested right in an individual to practice law. Rather there is a right in the Court to protect itself, and hence society, as an instrument of justice. That to the individual disbarred there is a loss of status is incidental to the purpose of the Court and cannot

deter the Court from its duty to strike from its rolls one who has engaged in conduct inconsistent with the standard expected of officers of the Court." (Italics ours.)

Certainly that quotation goes far toward cutting ground from under appellant's thesis. Nor is this a recent concept of the license to practice law. See: Ex parte Wall, 1882, 107 U.S. 265, 2 S.Ct. 569, 27 L.Ed. 552.

We find no abuse of discretion on the part of the District Court. It was manifest from the face of Tinkoff's petition that his conviction had not been set aside.

Appellant's petition was rightly rejected because, *inter alia*, it pivoted on vitiating the judgment of conviction. In other words Tinkoff was attempting to use his petition for reinstatement as a lever to pry open that prior conviction. By such approach he would convert reinstatement into a cleansing process through which to qualify himself again, for a license to practice law. He simply attacks the judgment of conviction to show his fitness for a license.

Appellant cites us to the recent, but inapposite decision of United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, involving a writ of error *coram nobis*. No question of restoration of a license to practice law was in issue there. We think that Tinkoff, after his conviction, which remains unpardoned, is here concluded and cannot retry issues of innocence or guilt in this particular kind of a proceeding. Nor can he employ a petition for reinstatement as a petition to vacate the judgment of conviction. He is aided, not one whit, by some general language ruthlessly extirpated from context embodied in Selling v. Radford, 1917, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 where the Supreme Court refused to forthwith disbar an attorney solely because a state court had stricken his name from the rolls of attorneys.

Long ago Mr. Justice Cardozo, speaking for the Court reviewing In re Rouss, 1917, 221 N.Y. 81, 116 N.E. 782, 783 said:

"Membership in the bar is a privilege burdened with conditions. A fair private and professional character is one of them. Compliance with that condition is essential at the moment of admission; but it is equally essential afterwards * * *. Whenever the condition is broken the privilege is lost. To refuse admission to an unworthy applicant is not to punish him for past offenses. The examination into character, like the examination into learning, is merely a test of fitness. To strike the unworthy lawyer from the roll is not to add to the pains and penalties of crime. The examination into character is renewed; and the test of fitness is no longer satisfied. For these reasons courts have repeatedly said that disbarment is not punishment. * * *"

We find no error committed by the judge below. Constitutional questions tendered by appellant are wholly wanting in substance. They are without merit in this proceeding, as are various other points urged by appellant.

The judgments and orders appealed from are each affirmed.