## COCHRAN *v.* KANSAS ET AL.

No. 510.  Argued April 7, 8, 1942.—Decided May 11, 1942.

*Mr. H. Thomas Austern* for petitioner.

*Mr. Jay Kyle,* Assistant Attorney General of Kansas, with whom *Mr. Jay S. Parker,* Attorney General, was on the brief, for respondents.

MR. JUSTICE BLACK delivered the opinion of the Court.

In 1933, the petitioner Cochran was convicted by a jury in a Kansas state court upon a charge of passing a $12.60 check with knowledge that it was forged.  His motion for a new trial was overruled.  Upon a finding that Cochran

had previously been convicted of two other felonies, the court sentenced him to life imprisonment as an habitual criminal pursuant to a Kansas statute. Kan. Gen. Stat. (Corrick, 1935) § 21–107a. Two days later, he was sent to the state penitentiary, where he has since been confined.

In January, 1941, Cochran, acting in his own behalf, filed an original application for habeas corpus in the Supreme Court of Kansas. His application sets out the allegations, among others, that the trial judge had denied him the right to summon witnesses and to testify on his own behalf; and that officials of the state penitentiary enforcing prison rules there in effect had suppressed appeal documents he had prepared, thereby making it impossible for him to perfect an appeal during the two year period allowed by Kansas statute. The State filed a return containing a certified copy of the information on which Cochran was tried, journal entries of the trial, an order overruling Cochran's motion for a new trial, and the judgment and sentence.

The Kansas Supreme Court denied the writ, stating that "the records of courts are not set aside upon the unsupported statements of a defeated litigant." 153 Kan. 777, 113 P. 2d 1048, 1049. We accept the court's conclusion that the record, showing that Cochran was represented by counsel throughout, and revealing on its face no irregularities in the trial, is sufficient refutation of his unsupported charge that he was denied the right to summon witnesses and testify for himself.

But the allegations that prison officials frustrated Cochran's efforts to perfect an appeal are a different matter. Since these allegations relate to a period subsequent to Cochran's commitment, and since that is the latest event referred to in the record, the record itself affords no refutation. Nor are these allegations denied in any other part of the State's answer. Moreover, the opinion of the court itself recognizes that these allegations had "some basis,"

pointing out that, "under rules . . . prevailing at the penitentiary" for some time following Cochran's commitment, he was prevented from sending out a petition for habeas corpus, and that it was not until October, 1935 (after the time for appeal had expired) that such a petition was actually filed. On the other hand, nothing in the opinion indicates that the court denied the application on the ground that it had canvassed the allegations and supporting affidavits of Cochran and three others pertaining to suppression of appeal and had concluded that they were untrue.

Cochran's application for habeas corpus does not bear the name of counsel. Not a lawyer, he apparently prepared it himself. On the issue of denial of opportunity to perfect an appeal, he alleged that the "record shows that the duly authorized officers and prison officials exercised unlawful authority by surpressing your petitioners appeal documents," etc. In its brief and argument before us, the State has contended that the word "record" can refer only to the trial record set out in its return to Cochran's application. Since that record does not show the alleged suppression, it is urged that Cochran's application was properly denied because wholly unsupported. As we have pointed out, the record of the trial court proceedings, relating as it did to a period ending with Cochran's commitment, could prove nothing with respect to independent subsequent events. Hence, to place the construction urged by the State on the word "record" as used by Cochran would not merely impute to him a technical precision which his application as a whole contradicts; it would render the application entirely meaningless.

The State properly concedes that if the alleged facts pertaining to suppression of Cochran's appeal "were disclosed as being true before the supreme court of Kansas, there would be no question but that there was a violation of the equal protection clause of the Fourteenth amend-

ment." And in Kansas, habeas corpus is recognized as affording a remedy for a person held in prison in violation of a right guaranteed by the Federal Constitution.[1] However inept Cochran's choice of words, he has set out allegations supported by affidavits, and nowhere denied, that Kansas refused him privileges of appeal which it afforded to others. Since no determination of the verity of these allegations appears to have been made, the cause must be remanded for further proceedings.

*Reversed.*

---

[1] See *e. g. In re Jarvis,* 66 Kan. 329, 31 P. 2d 576. Cf. *Smith* v. *O'Grady,* 312 U. S. 329.