**MILLER v. SANFORD, Warden.**

**No. 11310.**

Circuit Court of Appeals, Fifth Circuit.

July 11, 1945.

William Roy Miller, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

On March 14, 1939, appellant, William Roy Miller, was convicted in the District Court of the United States for the Southern District of Texas, on six counts of an indictment under Sec. 347, Title 18 U.S.C. A., and was given a sentence of five years on each of counts 1, 2 and 3, to be concurrent, and of five years on counts 4, 5, and 6, to be concurrent with each other, but cumulative of the five years on counts 2 and 3, making a total term of imprisonment of ten years to be served, with the proviso that the ten years be cumulative of the sentence theretofore imposed upon the defendant at Dallas, in the Northern District of Texas.

Instant in and out of season since his conviction to reverse it,[1] or otherwise set it aside,[2] this, an appeal from a judgment in a habeas corpus proceeding, is his cur-

---

[1] In cause No. 9086 on the docket of this court, William Roy Miller and Robert W. Cole v. United States, appellant Miller made his first effort by appeal from the judgment, assigning the following errors:

(1) In overruling the motion to quash the indictment.

(2) In refusing the motion to direct a verdict of acquittal as to defendant on the second and fifth counts of the indictment.

(3) That the verdict was against the law and the evidence.

The United States moved to dismiss because the appeal had not been timely taken, and in a per curiam opinion, reported in 5 Cir., 104 F.2d 343, writ of error denied, 308 U.S. 549, 60 S.Ct. 87, 84 L.Ed. 462, the motion to dismiss was granted and the appeal was dismissed.

[2] In cause No. 10152 on the docket of this court, Miller filed a petition for writ

rent effort to obtain relief or release from it. Invoking Cochran v. Kansas, 316 U. S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453, appellant sought a discharge from custody on the ground that the action of the trial court in ordering him returned to the Northern District of Texas, whence after conviction[3] there he had been brought to Houston for trial, prevented him from filing his notice of appeal within the five days allowed therefor.[4]

Upon the facts set out in note 4, the District Judge concluded that, though unintentionally and with no desire whatever

---

of certiorari to the District Court in which he set up the facts now relied on, and sought relief from the judgment on the ground that his removal from the district prior to the expiration of the five days allowed for appeal and the consequent deprivation of his right to appeal rendered the judgment null and void. This petition was denied and the Supreme Court denied his petition for certiorari, 315 U.S. 799, 62 S.Ct. 626, 86 L.Ed. 1200. Appellant then made his third effort in this court in cause No. 10,522, Miller v. United States, 5 Cir., 134 F.2d 485, by an appeal from a judgment denying "an extraordinary motion to set aside the judgment and sentence and grant a new trial." On this appeal the court affirmed the judgment appealed from, not, however, until after a careful examination not only of the record on this appeal but the record on the former appeal which was dismissed because it affirmatively appeared that appeal was not taken in time, and the opinion concluded: "We find nothing of sufficient merit in either record to require or authorize further proceedings relative to Miller's trial and conviction, or the sentence which appears to be neither void or voidable."

[3] 5 Cir., 128 F.2d 519; 5 Cir., 136 F. 2d 287.

[4] The facts with reference to this question are in the main without dispute and are found as follows: Immediately after the imposition of sentence on March 14, 1939, the petitioner orally advised the court of his intention to appeal, and the trial judge entered upon his calendar sheet "notice of appeal J. V. A." The defendant was taken from the court room and counsel who had been appointed to represent him on the trial asked the court if he was under any obligation to represent the defendant upon the appeal and was informed by the court that he was not under any such duty, and was excused by the court from any further representation. He thereupon advised the defendant that he would not represent him should he undertake to appeal the case. Federal prisoners awaiting trial at Houston are confined in a jail at Conroe, Texas, some fifty miles from Houston, and within an hour or two on March 14th, the defendant was removed from the detention room at Houston to the jail at Conroe. Miller had been brought to Houston by writ of habeas corpus ad prosequendum from Dallas, and on March 16th, on application of the United States attorney, the trial judge entered an order directing the marshal to return Miller to the marshal at Dallas, and on March 17th, this order was executed and in the afternoon of that day Miller was turned over to the federal authorities at Dallas and confined with other federal prisoners in the county jail there. On March 17th, the appointed trial counsel received from Miller a telegram sent from Dallas, Texas, at 4:35 P. M. as follows: "Wire me if you will take care of appeal, forward papers care of Dallas County Jail", and also on the same day he was advised by that counsel by wire, "would prefer for you to handle appeal yourself letter follows" signed "John Schuhmacher". On March 18th, Mr. Schuhmacher wrote the defendant, Miller, care of Dallas County Jail, Dallas, Texas, as follows: "This is to acknowledge receipt of your telegram and to advise that I received your letter of March 15th and your letter of March 16th in this morning's mail and immediately made an appointment with Mr. Red for 1 o'clock. In the course of the conversation with him, I learned that you and Mr. Cole had been transferred back to Dallas, having been sent from that district to this district under instructions to return. I filed the motion for an instructed verdict and also the pauper's oath, and as soon as the judgment is prepared in its final form I will send you a copy of it together with copies of other papers requested by you. I am confident that you are fully capable of taking active charge of your appeal, and if I can be of any help I shall be willing to give some help in submitting rough drafts for your preliminary forms. Thanking you, I beg to remain, Yours very truly, John Schuhmacher". On March 18th, Miller sent a wire to the trial judge, Hon. James V. Allred, reading as follows: "Will you appoint an attorney to prepare and file an appeal in the matter of the United States vs. William Roy Miller and Robert Cole stop if not will you give us thirty days to file an appeal ourselves and issue an order that we be brought back into your district until the appeal is perfected please wire William Roy Miller, Dallas County

to injure the defendant, the trial court, by his order returning the defendant to the jurisdiction of the court of the Northern District and his failure to have him returned as requested did prevent the free exercise of the defendant's right to appeal which would have been timely exercised but for such removal. Concluding further, however, that such prevention did not deprive him of any substantial right, and was, therefore, not prejudicial to him for the reason that the only assignments of error he made were not well taken, he held, citing Briggs v. White, 8 Cir., 32 F.2d 108, that the writ should be discharged and the petitioner remanded to custody.

We assume, without deciding, that the District Judge was right in his view that appellant would have been entitled to release by habeas corpus if he had shown, that his appeal was prevented by the action of the court or its officers, and that he had meritorious grounds for appeal. We think it plain, however, that he was wrong in concluding that the filing of the appeal was so prevented. The judgment discharging the writ must, therefore, be affirmed on the ground that the evidence wholly fails to show that defendant was deprived of his right to appeal. The record shows nothing more than that, as a result of the circumstances in which he found himself by reason of having been indicted and convicted

in two jurisdictions and then returned to the jurisdiction of his first conviction, the filing of his notice of appeal was attended with more difficulties than would otherwise have been the case. There is no proof whatever that anything that was done had the effect of depriving him of the right to file, or that he could not have filed, his notice within the five days allowed. The law fixes the time for filing and requires the appeal to be filed within that time. It does not guarantee that a defendant will be held in a local jail or at a particular place until his notice of appeal is filed. If it were a fact that plaintiff had requested writing materials to prepare and file his appeal papers, or that they be forwarded after completion, and the request had been refused, a different question would be presented. Cochran v. Kansas, cited by appellant in support of his application, does not at all support it. All that it held was that allegations that "officials of the state penitentiary enforcing prison rules there in effect had suppressed appeal documents he had prepared" entitled him to a hearing on their truth. Saying, "The State properly concedes that if the alleged facts pertaining to suppression of Cochran's appeal 'were disclosed as being true before the supreme court of Kansas, there would be no question but that there was a violation of the equal protection clause of the Four-

---

Jail". The testimony of Judge Allred is that his records do not indicate the exact time of the day the telegram was received, but he assumes it was received on the date it was sent. On March 21st, in an envelope postmarked Dallas, Texas, March 20th, 1939, and properly addressed, the Clerk of the United States District Court for the Southern District of Texas, at Houston, received from William Roy Miller certain papers, to-wit: "Motion for Appeal, Assignments of Error and Praecipe", all signed "William Roy Miller and Robert W. Cole per se", each dated March 20th. (Robert W. Cole was a codefendant with Miller in the case.) The Clerk refused to file these papers because not received within five days from the date of sentence. Petitioner testified upon this hearing, as he had theretofore asserted in his various proceedings which will be hereinafter referred to, that the written notice of appeal, etc., were prepared on March 18th and given to the Sheriff's agent in Dallas for mailing. He explains the papers being dated March 20th by the statement that as the 19th was a Sunday, he knew

they could not reach the Clerk's office until the 20th, which was the last day allowed, and he therefore dated the papers the date which they would actually reach the Clerk's office. I am unable to accept this explanation of the dating of the papers or to give credence to the testimony of the petitioner that there was a failure on the part of the Sheriff's agent to mail the papers on March 18th rather than the actual date of mailing of March 20th. * * * Accepting the true date of mailing as that of the postal stamp, it is not made to appear that if the letter had been mailed on this date from Conroe, Texas, where the defendant would have been confined if he had remained within the jurisdiction of the sentencing court, it would not have reached the clerk's office in time. Thereafter, Mr. Schuhmacher did assist the defendant in preparing proper forms which were filed on April 5, 1939, and the record was forwarded to the Circuit Court of Appeals where the appeal was dismissed because not filed within five days of the time of sentence in compliance with the rules relating to appeals in criminal cases.

teenth Amendment'", the court concluded, "And in Kansas, habeas corpus is · recognized as affording a remedy for a person held in prison in violation of a right guaranteed by the Federal Constitution [316 U.S. 255, 62 S.Ct. 1069]."

The action of .the District Judge in discharging the writ and remanding the petitioner was right. His judgment is affirmed.