## WILLIAMS v. DOWD.

### No. 8922.

Circuit Court of Appeals, Seventh Circuit.

Feb. 13, 1946.

Oscar B. Thiel, of Gary, Ind., for appellant.

Frank E. Coughlin, First Asst. Atty. Gen. of Indiana, James A. Emmert, Atty. Gen. of Indiana, and Karl J. Stipher, Deputy Atty. Gen., for appellee.

Before MAJOR and KERNER, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

This is an appeal from a judgment of the district court denying the petition of plaintiff-appellant, hereinafter referred to as plaintiff, for a writ of habeas corpus.

The facts may be summarized briefly as follows: On April 29, 1939, the plaintiff was sentenced to a term in the Indiana State Prison of from one to ten years by the Lawrence Circuit Court of Lawrence County, Indiana, upon his plea of guilty to a charge of vehicle taking. He has been since that date confined in such Prison, of which prison the defendant-appellee Dowd, hereinafter referred to as defendant, was Warden. Plaintiff's confinement in prison is pursuant to a judgment of the Lawrence Circuit Court and a commitment issued to the Sheriff of Lawrence County wherein he is "charged with

the due execution of the foregoing judgment." The judgment and commitment are in the criminal case above referred to in which plaintiff entered a plea of guilty and was sentenced.

Plaintiff had served more than four years of the sentence imposed before any action was taken by him. However, on June 28, 1943, he filed a petition in the Circuit Court in which he was sentenced, for a writ of error coram nobis, in which petition it was alleged in substance that plaintiff was being illegally held in prison in violation of his constitutional rights in that he had been deprived of his right to counsel at the time of his sentence and of a jury trial. He also charged that he did not have a reasonable time in which to prepare his defense. The petition was filed in vacation and on the 3d judicial day of the next succeeding term, that is, on September 15, 1943, an answer was filed thereto by the State of Indiana. At the request of plaintiff, the cause was re-docketed on September 24 and assigned for hearing on September 29. The court issued an order permitting plaintiff to be present in court at the time of the hearing and he was present at that time. He was represented by counsel of his choice, Fred N. Fletcher, Esq. After hearing all the evidence presented on behalf of this plaintiff and the state, the petition for a writ of error coram nobis was denied and plaintiff returned to prison. The plaintiff thereafter attempted to appeal from the judgment of the Lawrence Circuit Court denying his petition in the coram nobis proceeding. His testimony was to the effect that he "made out an appeal on it. I had the appeal made out about the 14th of December and I sent it to Mr. Dowd's office, * * * and he called me in to notarize it. I think that was the 24th. Then I got a receipt that he mailed it on the 24th. Then I got a return card from court that they did not receive it until Dec. 29th. But the mail room said it was mailed on the 24th." Under a rule of the Supreme Court of Indiana, the assignment of errors and transcript of the record must be filed in the office of the clerk of that court within 90 days from the date of the judgment from which the appeal is taken. Inasmuch as the record was not received within the 90 days, it was returned to the plaintiff by the Clerk of the Supreme Court.

The proper affidavit having been filed by plaintiff, he was permitted, on January 5, 1945, to prosecute this action in forma pauperis. It is alleged in his petition that he "is unlawfully imprisoned and restrained of his liberty by Warden Dowd of the Indiana State Prison * * * the restraint and imprisonment is illegal and void and violative of the United States Constitution * * * Constitution of Indiana * * *." The petition also alleges the same grounds for relief as those alleged in his petition for a writ of error coram nobis theretofore filed, tried and denied in the Lawrence Circuit Court, that is, that he was denied the aid of counsel; that he was denied a jury trial, and that he was denied the right to prepare his defense. It is further alleged that "the denial of his right to send out his appeal papers on his writ of error coram nobis by the Warden Dowd of Indiana State Prison within 90 days period required by the State Supreme Court of Indiana, thus denial of said right to send out said appeal papers denied your petitioner of the equal protection of the laws guaranteed under the United States Constitution, Amendment 14, since said acts of obstruction of justice, by said Warden Dowd, over petitioner, as to interfering with legal process to the extent as to deny the petitioner legal remedy of due process of law, leaves your petitioner remediless in the state courts of Indiana." In his response, filed on March 15, 1945, the defendant says that the plaintiff is being held by him by virtue of a valid judgment rendered by the Lawrence Circuit Court on April 29, 1939 and a valid commitment issued upon such judgment and that the term of such commitment has never been changed, has not expired, and is in full force and effect. He further denied all the material allegations contained in the petition. The defendant was commanded by the district court to produce plaintiff in court at Hammond, Indiana, on May 4, 1945, which command was obeyed, and plaintiff was personally present in court upon that date and was represented by counsel.

After hearing, the district court found "that the petition for writ of habeas corpus is well taken and that the petitioner has exhausted his remedies in the state court * * *." In other words, the court held that it had jurisdiction to hear and determine the petition for writ of habeas corpus upon its merits, because plaintiff had exhausted his remedies in the state courts. The statement of the court

"that the petition for writ of habeas corpus is well taken" can be construed in no other manner than that it referred to the exhaustion of all remedies in the state court, thereby giving the federal court jurisdiction. Such language cannot be construed as meaning that the petition was granted. Plaintiff proceeded properly, first filing a petition for a writ of error coram nobis in the court in which he was sentenced. It cannot be denied that he had a fair trial upon that petition, he being personally present, and being represented by counsel of his own choice. Evidence was heard including the testimony of the judge who accepted his plea of guilty and pronounced sentence. At the conclusion of the trial, the court denied the petition and ordered plaintiff returned to the state prison.

It would seem that plaintiff exhausted all remedies in the state courts, and that the district court was justified in assuming jurisdiction in the habeas corpus proceeding. Potter v. Dowd, Warden, 7 Cir., 146 F.2d 244. See, also, Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. This, we believe, is true, even though the Attorney General of Indiana offered to waive the 90 day rule of the Supreme Court for taking an appeal in the coram nobis proceeding and consent to an appeal in that case.

After the district court concluded that it had jurisdiction, it then proceeded to hear the petition for a writ of habeas corpus upon its merits. There was a complete hearing in which the plaintiff testified at length. His testimony was similar to that given by him at the hearing on his coram nobis petition as to the things that took place at the time he entered a plea of guilty and was sentenced on April 29, 1939. In addition to his testimony, David Long, who was Prosecuting Attorney at the time of the guilty plea and sentence of plaintiff, also testified. The defendant Dowd testified as to the practice of mailing matters at the prison which were left at his office for mailing by the prisoners. He further testified that, to his knowledge, he at no time personally received any papers from plaintiff to be mailed to the Supreme Court and failed to mail them. Neither did he receive any such papers from plaintiff for mailing to the Supreme Court and deliberately fail to mail them at the time specified by plaintiff, nor did he authorize any official under him to purposely and deliberately delay such mailing. The judge who sentenced plaintiff has since died, but the reporter of the Lawrence Circuit Court was present and read the testimony given by him at the coram nobis proceeding, as well as the testimony given by Fred N. Fletcher, plaintiff's attorney, given at that hearing. At the conclusion of the hearing, the district court denied the petition for habeas corpus and ordered plaintiff remanded to the custody of defendant.

A careful examination of the record discloses that there was substantial evidence to support the conclusion of the district court that the petition should be denied. Its conclusion must, therefore, be sustained on appeal. Macomber et al. v. Hudspeth, Warden, 10 Cir., 115 F.2d 114. Plaintiff is being held under a valid commitment issued pursuant to a valid judgment in the Lawrence Circuit Court, which commitment is yet in full force and effect. This case is clearly distinguishable from that of Cochran v. State of Kansas, et al., 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453, upon which plaintiff seems to rely. The appeal attempted in the coram nobis proceeding, which appeal plaintiff contends was prevented because of the action of defendant, was not from his conviction and sentence, but was from a judgment in a coram nobis proceeding. Referring to such proceedings—that is, to coram nobis proceedings—the Supreme Court of Indiana, in the case of State ex rel. Emmert, Attorney General v. Gentry, Circuit Judge, Ind.Sup., 62 N.E.2d 860, 861, said: "We have repeatedly held that a coram nobis proceeding is in the nature of a motion for a new trial and that it is also in the nature of a civil action. It is the nature of the former because its object is to secure the setting aside of a judgment and a retrial of the matter upon which judgment had been rendered. It is in the nature of the latter because it presents a new and different cause for trial wherein the burden of proof is on him who requests relief from the judgment. It is not a trial of the original cause, but merely a determination of whether or not some fact or facts were in existence but unknown to the moving party and to the court which, if known, would have caused the court to rule differently." See, also, State ex rel Cutsinger v. Spencer, Judge, 219 Ind. 148, 41 N.E.2d 601.

The district court properly denied the petition, and its judgment is affirmed.