THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee *v.*
RÓMULO SERBIÁ BONILLA, Defendant and Appellant.

No. 15701.   Argued November 10, 1954.—Decided November 10, 1955.

*Rafael V. Pérez Marchand* and *Santos P. Amadeo* for appellant.
*José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Assistant Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

This case is a sequel of *People* v. *Serbiá*, 75 P.R.R. 370 (Snyder) (1953). The defendant-appellant was found guilty of murder in the second degree by the jury who tried him. He appealed to this Court from that judgment. On appeal, the defendant could not use the transcript of the evidence because of the death of the stenographer who took the notes in the case. The defendant-appellant applied for a new trial before perfecting his appeal on the ground that the stenographer had died. The trial court denied the motion for a new trial and ordered that a statement of the case be prepared in substitution for the transcript. The appeal was perfected and the judgment rendered was affirmed by us, *People* v. *Serbiá, supra*. Although the defendant-appellant assigned as error, in the first case, the refusal of the trial court to grant the motion for a new trial, we could not consider it because he did not appeal from the order denying such motion.

The defendant-appellant subsequently filed a motion in the trial court requesting that "the former trial and sentence be set aside and a new trial granted," and substantially alleged: (*a*) that the legislation in force "guarantees the petitioner the right to appeal on the basis of the stenographic record"; (*b*) that it is "indispensable and imperative that the instructions given by the judge to the jury be taken in shorthand, since, according to the Act of May 30, 1904, the Supreme Court has the power to review the instructions given by the trial judge to the jury in order to determine if any errors have been committed which might affect the substantial rights of the defendants even when such errors were not excepted to by the attorneys in their briefs to the Court"; (*c*) that if the instructions given by the judge to the jury are not taken in shorthand, the defendant must be granted a new trial; (*d*) that if the petitioner is not granted a new trial he is deprived of his liberty with-

out the due process of law. The trial court denied the afore-mentioned motion and the defendant-appellant appeals from that decision, assigning the following errors:

"First error: The decision of the trial judge deprived the defendant of his liberty without the due process of law guaranteed by Amendments 5 and 14 of the Constitution of the United States and by Article II, § VII, of the Constitution of the Commonwealth of Puerto Rico;

"Second error: The decision of the trial judge is in conflict with the decisions of the Supreme Court of Puerto Rico which authorize the granting of a new trial when an appeal cannot be perfected on account of the death of the stenographer."

Both errors present, as a question of law, a single question: whether the death of the stenographer who took the testimony and incidents of the trial entitles the defendant-appellant to a new trial. We specifically decided that question in *People* v. *Reyes*, 76 P.R.R. 277, (Ortiz) (1954), where we held:

"In an opinion delivered by the Supreme Court of California on May 19, 1950, in *People* v. *Chessman*, 35 Cal. 2d 455, it was held that neither the death of a reporter nor the impossibility of procuring a transcript is a ground for granting a new trial. It is held that § 1181 of the Penal Code of California, which corresponds to § 303 of our Code of Criminal Procedure provides that a motion for a new trial may be granted only by virtue of the grounds enumerated in said Section, and that neither the death of a reporter nor the impossibility of procuring a transcript is included among the grounds expressly enumerated in said Section.

"The ruling set forth in the afore-cited cases is consistent with the weight of authority in the United States, 39 Am. Jur. 51; 66 C.J.S. 66, 67, 103. We ratify the doctrine that, in criminal cases, the grounds enumerated in § 303 are to be deemed exclusive, and the Courts may not add any other grounds and that the situation which serves as ground for a new trial in the case at bar is not encompassed in any of the grounds enumerated in § 303. Therefore, the trial court acted correctly in dismissing the motion for new trial.

"We do not agree with appellant's theory that the conclusion we have reached, or the doctrine we have adopted, involves a problem of constitutional invalidity. The granting of a new trial involves a privilege granted by law which may be limited, regulated or modified pursuant to the terms or conditions set forth by the lawmaker. 39 Am. Jur. 36. The alleged harshness or injustice in the omission of the grounds involved herein as a basis for a new trial is a matter to be considered by the legislature."

Ordinarily, the right to appeal is not a constitutional one in the sense that it is not specifically included as one of the inalienable rights within the constitution. It is true that as soon as the right to appeal is incorporated in a system of public justice by legislative action, it becomes a part of the due process of law and therefore partakes of a quasi-constitutional nature: *Frank* v. *Mangum*, 237 U. S. 309 59 L. Ed. 969 (1915) ; *Cochran* v. *Kansas*, 316 U. S. 255, 86 L. Ed. 1453 (1942) ; *Denial of Appeal*, 19 A.L.R. 2d 792, 795, 808 (1951) [Monograph] ; *Boykin* v. *Huff*, 121 F. 2d 865 (1941), but it is likewise true that, as a statutory right originally, the Legislature has the power to prescribe the procedure by which an appeal is to be taken. Therefore, the Legislature may prescribe that an appeal may be taken by means of a transcript of the evidence, and if the transcript cannot be prepared, that the appeal be taken by means of a statement of the case, and the option of an alternative does not mean a violation of the due process of law.

As a question of fact, in this case, the defendant's appeal was sufficient, *People* v. *Serbiá, supra*. Now he seeks a second appeal, alleging that this Court has the power to review the instructions given by the judge to the jury. Incidentally, the instructions of the judge to the jury constitute one of the parts of the alternative statement of the case which may be most faithfully reproduced. In his first appeal, the defendant argued that the judge did not instruct the jury on manslaughter because the judge deemed that there was not sufficient evidence to merit such instruction.

754

We do not see how the defendant now assigns a different error, within the same case.

The judgment appealed from will be affirmed.

Mr. Justice Sifre and Mr. Justice Pérez Pimentel concur in the result.

---

Mr. Justice Negrón Fernández, concurring.

The circumstances present in this case lead me to concur in the result. I wish, however, to reserve my judgment on the applicability of the doctrine laid down in *People* v. *Reyes*, 76 P.R.R. 277, cited in the opinion of the Court, to a case in which the circumstances show the impairment of the fundamental rights of a defendant if, after the latter chooses the transcript of the evidence—one of the alternatives authorized in the first instance by the law to perfect the appeal—the same cannot be obtained because of the death of the stenographer who took the testimony in the trial, and the defendant is forced to resort to the means provided by law for such cases—and which then becomes suppletory—of the statement of the case.

I do not believe that the granting of a new trial in such cases should be limited to the causes and proceedings fixed in the statute, because the right to a new trial does not then issue from the authority of the law but from the command of justice. The right to appeal, though statutory, must be protected by the State—once acknowledged—in order that it may be effective, and in that sense, its effectiveness means a real opportunity to perfect the appeal adequately; and an event beyond his control, which might put the defendant at a disadvantage, could, in effect, operate as a denial of the right which the State acknowledges to him, to obtain an adequate review of the judgment with which the State itself deprives him of his liberty.