Raymond C. BROWN, Appellant,

v.

C. H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 5636.

United States Court of Appeals Tenth Circuit.

Oct. 15, 1957.

Rehearing Denied Nov. 14, 1957.

Raymond C. Brown filed a brief pro se.

Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

On December 2, 1954, Raymond C. Brown was sentenced in the United States District Court for the Western District of Texas to serve a term of 15 years imprisonment upon a conviction by a jury of the offenses of bank robbery and larceny from a bank, 18 U.S.C.A. § 2113(a) and § 2113(b). He is now serving that sentence in the United States Penitentiary at Leavenworth, Kansas, and brought this habeas corpus proceeding alleging that he is unlawfully held and entitled to be discharged. This is an appeal from an order dismissing the petition and remanding the petitioner to the custody of the respondent Warden.

In substance, the ground upon which the petitioner seeks relief is that the conduct of the representatives of the United States immediately after his conviction prevented him from effectively presenting his appeal to the United States Court of Appeals. After sentence the petitioner was committed to the county jail at Waco, Texas, where he remained until March 11, 1955. During this time an appeal of his conviction and sentence was duly taken. He was then removed to the county jail at San Antonio, Texas, and from there to the Federal Correctional Institution at Texarkana, Texas. On September 17, 1955 he was received at the United States Penitentiary at Atlanta, Georgia, and from there transferred to Leavenworth on November 29, 1956.[1] The petitioner contends that he

---

1. The trial court found that the petitioner failed to file an election not to enter upon the service of his sentence pending an appeal as authorized by Rule 38 (a) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A.

**62**

should have been permitted to remain in the county jail at Waco during the time that his appeal was pending and that these transfers deprived him of Constitutional rights guaranteed by the Constitution of the United States.

 Conceding that the right to appeal a criminal conviction is within the protection of the Constitution, and that if the right is lost or frustrated by unlawful conduct of Government officials a prisoner may obtain relief by habeas corpus,[2] the rule has no application here. An appeal was taken and the conviction affirmed. Brown v. United States, 5 Cir., 228 F.2d 286, 287, certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500, rehearing denied 352 U.S. 861, 77 S.Ct. 27, 1 L.Ed.2d 71. In affirming the conviction, the court stated: "The able and experienced district judge conducted the trial patiently, fairly, impartially, and with full recognition of his duty both to the defendants and to the Government." Even though the transfers of the prisoner during the pendency of his appeal may have been wrongful, it is quite apparent that they did not prevent the appeal and were not prejudicial. Upon affirmance, the judgment and sentence became final, therefore the petitioner is not entitled to relief in habeas corpus.

If an attack is to be made upon the legality of the judgment and sentence, it must be done under the provisions of 28 U.S.C.A. § 2255. Osborne v. Looney, 10 Cir., 221 F.2d 254; Barnes v. Hunter, 10 Cir., 188 F.2d 86, certiorari denied 342 U.S. 920, 72 S.Ct. 368, 96 L.Ed. 688; Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650; Boykin v. Huff, 73 App. D.C. 378, 121 F.2d 865; Tinkoff v. Zerbst, 10 Cir., 80 F.2d 464.

Affirmed.

**2.** Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453; Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 19 A.L.R.2d 784; Miller v. Sanford, D.C.N.D.Ga.1945, 59 F.Supp. 812, affirmed 150 F.2d 637, certiorari denied 326 U.S. 787, 66 S.Ct. 472, 90 L.Ed. 478; McGuire v. Hunter, 10 Cir., 138 F.2d 379, reversed on other grounds 322 U.S. 710, 64 S.Ct. 1053, 88 L.Ed. 1553; Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865; Tinkoff v. Zerbst, 10 Cir., 80 F.2d 464; Briggs v. White, 8 Cir., 32 F.2d 108.