MANUEL REYES OYOLA, Petitioner, *v.* GERARDO DELGADO, WARDEN OF THE STATE PENITENTIARY, Respondent.

No. 876. Submitted June 3, 1960.—Decided June 30, 1960.

*Santos P. Amadeo* and *G. Ortiz del Rivero* for petitioner. *Hiram R. Cancio, Secretary of Justice, Arturo Estrella, Assistant Secretary of Justice,* and *William Fred Santiago, Acting Fiscal of the Supreme Court,* for The People.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On October 3, 1939, the District Attorney of the former District Court of Humacao filed four informations against petitioner and other persons: three for murder in the first degree and one for attempt to kill. At the arraignment, petitioner, assisted by his first lawyer, pleaded not guilty and moved for separate trial. At the hearing set for November 10, 1939, petitioner was assisted by a second lawyer and agreed that all the complaints against the three defendants be tried together and before the same jury. The evidence introduced by the defense consisted exclusively of the testimony of the three defendants. The cases were submitted without argument and it was stipulated by the District Attorney and the counsel for the defense, that the summary of the evidence which the judge should make be omitted from the instructions to the jury. The jury rendered a verdict of guilty against each one of the three defendants for three crimes of murder in the first degree and the crime of attempt to kill.

On November 17, 1939, and without the assistance of his lawyer this time, petitioner appeared to hear the sentence. The judge who had presided the trial and had received the verdict, sentenced him to serve three life sentences for the three murders and fifteen years in the penitentiary for attempt to kill.

On March 7, 1940, when petitioner was already confined to the state prison, and following the advice of another pris-

oner, he appealed directly from these sentences before this Court, but these appeals were dismissed for failure to serve the District Attorney personally with notice of the appeal.

In 1952, this time with the assistance of a third lawyer, petitioner filed before the Superior Court, San Juan Part, a petition of habeas corpus alleging the nullity of the sentences rendered against him on November 17, 1939, on the ground that petitioner had not been represented by counsel when sentence was pronounced. This petition was granted on October 3, 1952, it being ordered by the San Juan Part to render new sentences against petitioner with the due assistance of counsel.

On the date set by the Superior Court of Puerto Rico, Humacao Part, for resentencing petitioner, the latter, assisted by his third lawyer, filed a motion for a new trial on the ground that since the court stenographer who recorded the trial had died and the preparation of a statement of the case was rendered impossible, he would not be able to appeal from the judgment to be rendered. On February 15, 1953, the Humacao Court denied the motion for a new trial because it lacked authority to act because the death of the court stenographer who recorded the trial was not included among the grounds for granting a new trial enumerated by § 303 of the Code of Criminal Procedure of Puerto Rico. An appeal was taken from this ruling before this Court and it was affirmed on the same grounds stated by the Humacao Court: *People* v. *Reyes*, 76 P. R. R. 277, 281 (Ortiz, 1954).

In his new petition of habeas corpus before this Court, petitioner presents for our consideration the following issues: (1) whether petitioner had the right to appeal from the new judgments rendered by the Humacao Court, after the latter denied the motion for new trial; (2) whether the fact that he was unable to appeal deprives him of his constitutional right to a due process of law; (3) whether petitioner's right to appeal may be annuled by the impossibility to prepare

the transcript of the evidence or because of the inability to prepare a statement of the case; (4) whether the method of appealing by means of a statement of the case guarantees the defendant a full review of the merits granted by our criminal statutes.

It is unquestionable that the effect of the order of October 3, 1952 of the San Juan Court, setting aside the judgments formerly rendered and ordering that new judgments be rendered, was to re-establish the procedural state which existed at the time when the verdicts rendered by the jury were accepted by the Humacao Court, as formal and in accordance with the law. Besides, the question in this case was not the mere correction of a verdict, but a violation of the due process of law which caused the nullity of the judgments formerly entered. If this was so, petitioner had the right to move for a new trial before the new judgments were rendered, as provided by § 303 of our Code of Criminal Procedure, and also to appeal, after the judgments were rendered, from both the refusal of a new trial and from the merits of the new judgments rendered according to § 347 of the same Code.

What we decided as a matter of law in the case of *People* v. *Reyes, supra,* was that the Humacao Court did not have the authority to grant a new trial on the ground relied upon by the petitioner, since the death of the stenographer who recorded the trial is not among the grounds permitting a new trial under § 303. The issue presented to us now by petitioner is whether the death of the court stenographer who recorded the trial and the impossibility to prepare a statement of the case defeat petitioner's right to appeal in such a way as to amount to a deprivation of the due process of law guaranteed by our Constitution. This compels us to determine the possible constitutional nature of the right to appeal.

In *People* v. *Serbiá,* 78 P. R. R. 750, 753 (1955), we faced this issue for the first time, stating that: "Ordi-

narily, the right to appeal is not a constitutional one in the sense that it is not specifically included as one of the inalienable rights within the constitution. It is true that as soon as the right to appeal is incorporated in a system of public justice by legislative action, it becomes a part of the due process of law and therefore partakes of a quasi-constitutional nature: *Frank* v. *Mangum*, 237 U. S. 309, 59 L. Ed. 969 (1915); *Cochran* v. *Kansas*, 316 U. S. 255, 86 L. Ed. 1453 (1942); *Denial of Appeal*, 19 A. L. R. 2d 792, 795, 808 (1951) [Annotation]; *Boykin* v. *Huff*, 121 F.2d 865 (1941), but it is likewise true that, as a statutory right originally, the Legislature has the power to prescribe the procedure by which an appeal is to be taken..."

Our ruling in the *Serbiá* case, far from being modified, has been reaffirmed in subsequent cases of the Supreme Court of the United States, on the point that once the right to appeal is granted, it becomes a part of the due process of law: *Cole* v. *Arkansas*, 333 U. S. 196, 201, 92 L. Ed. 644, 648 (Black, 1948); *Griffin* v. *Illinois*, 351 U. S. 12, 18, 19, 100 L. Ed. 891, 898, 899 (Black, Warren, Douglas, Clark, Frankfurter, concurring, 1956); *Eskridge* v. *Washington State Board*, 357 U. S. 214, 215, 216, 2 L. Ed. 2d 1269, 1271 (Per Curiam, 1958); *Dowd* v. *United States*, 340 U. S. 206, 208, 210, 95 L. Ed. 215, 218, 219 (Black, 1951). No distinction has been made regarding the cases in which the state constitution itself grants the right to appeal and those cases where such right is granted by statute.

There is no question that where in a particular case the appeal granted by statute and properly invoked by defendant proves to be inadequate or its uniform application appears to be dubious because of adverse economic reasons or because of appellant's lack of communication, etc., such irregularity constitutes not only a negation of the due process of law, but also a denial of the equal protection of the laws, the statutory issue thus becoming a constitutional one. In such a case the courts should carefully examine all the circumstances of

the case, not in a negative way but in a remedial attitude and take whatever steps are necessary for appellant to obtain an objective review on the merits which is the purpose of every appeal: *Frank* v. *Mangum*, 237 U. S. 309, 327, 59 L. Ed. 969, 980 (Pitney, 1915), *Cochran* v. *Kansas*, 316 U. S. 255, 256, 258, 86 L. Ed. 1453, 1454, 1455 (Black, 1942); *Boykin* v. *Huff*, 121 F. 2d 865, 870 (Rutledge, 1941); *Dowd* v. *United States, supra* at 209, 95 L. Ed. at 219; *Griffin* v. *Illinois, supra* at 17–19, 100 L. Ed. at 898, 899; *Eskridge* v. *Washington State Board, supra at* 215–216, 2 L. Ed. 2d at 1270, 1271.

■■ The death of the court stenographer who recorded the case, taken separately, does not constitute a sufficient constitutional reason to grant a new trial; whether it be alleged that the alternate method provided would be inadequate for a full review on the merits, or any other impairment violating the right to a fair trial, if said alternate method of review exists, such as the statement of the case provided by our Code of Criminal Procedure. Where the alternate method can not be used, of which the defendant could not be held responsible, since the right to appeal once granted constitutes a part of the due process of law, the courts should grant as a constitutional matter and not as a statutory matter, a new trial so as to permit a subsequent review of the criminal cause on the merits: *People* v. *Reyes, supra*, distinguished and explained.

In view of the provisions of § 480 of our Code of Criminal Procedure, 34 L. P. R. A. § 1752, which expressly confers to the courts of Puerto Rico, in habeas corpus proceedings, the power to decide the issue "as the justice of the case may require," it is unquestionable that the Judges of the Superior Court of Puerto Rico and the Justices of this Court have the authority by law to order a new trial for reasons other than those stated in § 303 of our Code of Criminal Procedure when the *justice* of the case so requires.

Having examined the circumstances of the case at bar according to the principles afore-mentioned, it is not difficult to conclude that petitioner did not have in his appeal from the order denying his motion for a new trial, the reasonable opportunity that characterizes the due process of law. There is no doubt that petitioner did not have an adequate assistance of counsel at the time when the original sentences were pronounced against him. By reason of this fact, for which the state is liable, it was necessary, many years later, to set aside the said judgments and to order the Superior Court of Puerto Rico, Humacao Part, to render new judgments.

When the new judgments were rendered, neither the judge who presided the trial, nor the District Attorney, nor the counsel for the defense, nor the court reporter were any longer officials of the Humacao Court and a reconsideration on the merits would have been impossible. As to the right of appeal, the stenographer who recorded the trial had died and it was impossible to obtain a transcript of the evidence. There were no notes or papers in the clerk's office of said court to prepare a statement of the case, after the necessary steps were taken, as the parties now admit before this Court. This being so, it is indisputable that the accused is not responsible for the unfavourable situation created by the death of the stenographer and by the impossibility to prepare a statement of the case. On the contrary, it is the state who should be held responsible for such a state of facts: *United States* v. *Randolph*, 259 F. 2d 215, 217 *in fine* and 218 (Hastings, 1958); see also comments on this case in 72 Harv. L. Rev. 1166 (1959).

For the reasons stated we grant petitioner a new trial.

Mr. Chief Justice Negrón Fernández did not participate herein.

Mr. Justice Saldaña dissented.