Jack Edward FRENCH, Petitioner,

v.

L. L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.

Civ. No. 63-38.

United States District Court
M. D. Florida,
Jacksonville Division.

March 7, 1963.

On Rule to Show Cause and Petition for Writ of Habeas Corpus
April 2, 1963.

Rehearing Denied April 20, 1963.

Jack Edward French, in pro. per.

Richard W. Ervin, Atty. Gen. of Florida, Tallahassee, Fla., of counsel for respondent.

BRYAN SIMPSON, Chief Judge.

Upon the petition for writ of habeas corpus accompanied by petitioner's affidavit in forma pauperis, the Court finds that the petitioner is entitled to proceed in forma pauperis with respect to the filing of his petition, and that he has alleged the violation of a federally guaranteed right.

At least to the extent of making a colorable showing, requiring further inquiry to decide the point, he has alleged the existence of "special circumstances" which would justify the failure to completely exhaust state remedy by denial of writ of certiorari by the Supreme Court of the United States. The manner of his attempted compliance with the "special circumstances" doctrine will appear more fully hereinafter.

Petitioner was tried in the Criminal Court of Record for Duval County, Florida, and found guilty of the crime of breaking and entering with intent to commit a felony. On June 12, 1961 he was sentenced to five (5) years in the State Penitentiary.

Petitioner applied to the Circuit Court in Bradford County for a writ of habeas corpus, and on December 1, 1961 Judge Patten dismissed the petition. The First District Court of Appeal affirmed without opinion, French v. Cochran, 143 So.2d 378 (1st D.C.A.Fla.1962), and on October 16, 1962 the Florida Supreme Court dismissed the appeal, French v. Cochran, 147 So.2d 528 (Fla.1962).

On December 28, 1962 petitioner sent his papers to this Court. On reviewing his petition it was found that the petitioner had failed to exhaust his state remedies by seeking a writ of certiorari

by the United States Supreme Court. On January 9, 1963 by letter I advised him of this fact and permitted him to either take back his papers for use in preparing his petition to the United States Supreme Court, or to have his papers filed with a denial of the writ thereby allowing him to appeal my order.

On January 17, 1963 this Court received another letter from petitioner alleging other grounds for giving this Court jurisdiction to entertain his petition. Petitioner states that after using the writ room at the State Penitentiary on December 28, 1962, he was informed by prison authorities that he had abused his privilege to such use and would not be allowed its use from that time on.

Petitioner sent the petition prepared on December 28, 1962 to this Court, and since he asserts that he cannot use the writ room to prepare further petitions, he asks that this Court take jurisdiction to entertain his petition. The allegations of "special circumstances", if sustained by proof, may justify his failure to apply to the United States Supreme Court for writ of certiorari. Jurisdiction to entertain his petition thus depends upon a question of fact. His petition must therefore be entertained at least for the purpose of deciding this preliminary jurisdictional question. If, and only if the petitioner prevails upon this question may his petition be considered upon the merits. Upon consideration of the petition for habeas corpus, and of the foregoing, it is

Ordered:

1. Leave is granted the petitioner to proceed in forma pauperis with respect to the filing of his petition.

2. The respondent, L. L. Wainwright, as Director, Division of Corrections, State of Florida, is directed to show cause why the writ of habeas corpus prayed for in said petition should not be granted. Respondent shall file his return to this order with the Court on or before March 28, 1963. The Court, upon consideration of respondent's return, will enter a further order, either fixing a hearing date upon said rule to show cause or dismissing the rule.

## ON RULE TO SHOW CAUSE AND PETITION FOR WRIT OF HABEAS CORPUS

On March 7, 1963 this Court, upon petition for writ of habeas accompanied by petitioner's affidavit in forma pauperis, found that the petitioner had made a colorable showing of "special circumstances" justifying a failure to exhaust state remedies and allowing him to proceed in this Court, and that he had alleged the violation of a federally guaranteed right, therefore petitioner was allowed to proceed in forma pauperis with respect to filing his petition. By that Order of March 7, 1963 the respondent, L. L. Wainwright, as Director, Division of Corrections, State of Florida, was directed not only to show cause why the writ of habeas corpus should not be granted, but also to challenge why this Court should not entertain jurisdiction over this matter. Respondent was given until March 28, 1963 to file his return. The Court having considered respondent's return and all other papers properly filed with the Court, finds that petitioner has not been deprived of any federally guaranteed right, and therefore, he is entitled to no relief in this Court.

First, in order to proceed in this Court petitioner alleged "special circumstances" for not exhausting his state remedies, i. e., filing a petition for certiorari with the United States Supreme Court. Petitioner contends that after using the writ room at the State Penitentiary on December 28, 1962, he was informed by prison authorities that he had abused his privilege to such use and would no longer be allowed its use. Respondent in his return asserts that petitioner had an opportunity to file his papers with the United States Courts as evidenced by his papers being filed with this Court, and therefore he has not exhausted his state remedies as required by Title 28, United States Code, § 2254. Petitioner asserts that he had not fully prepared his petition for certiorari to the United

States Supreme Court and consequently when he could no longer use the writ room, he chose to file his completed petition with this Court. He also states that since the time had expired for filing his petition for certiorari to the United States Supreme Court, he felt such a petition would be useless. It does appear that the petitioner has tried to circumvent the prescribed procedure of exhausting his state remedies; on the other hand, petitioner asserts that this would be his last time to use the writ room and he wanted to make good use of this one last time. The Court holds that although there is some ambiguity in his assertions as to jurisdiction, it will exercise its discretion and take jurisdiction of this matter.

■ Looking to the merits, petitioner asserts that the Florida Courts by their denial of his petition have denied him federal rights guaranteed by Amendment XIV to the Constitution of the United States in that:

(a) The prison officials at Raiford, Florida, deprived him of his right to appeal his conviction for breaking and entering and grand larceny, thereby denying him due process of law; and

(b) His treatment while in custody has amounted to cruel and unusual punishment.

Petitioner by letter dated March 11, 1963 stated that because of his having been deprived use of the writ room he could not prepare a traverse to the respondent's return. For the purpose of testing the return petitioner's letter will be treated as a denial of respondent's return.

As to petitioner's assertion that he was denied a right to appeal, this, if true, would be a violation of his Fourteenth Amendment rights, Cochran v. Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453 (1942). Looking at respondent's return, in particular to Exhibit 7, the transcript of proceedings on petitioner's application for writ of habeas corpus before

Circuit Judge Patten, it is clear that petitioner was not denied any right to prepare his appeal. Petitioner had his own counsel at this hearing and was not able to elicit any evidence that he was deprived of the opportunity to prepare his appeal. Petitioner's first contention, although alleging a violation of his constitutional rights, is found to be without merit.

■ As to his second contention that his treatment while in custody amounted to cruel and unusual punishment, petitioner complains of matters which do not directly affect the legality of his detention. Courts, by use of habeas corpus, may not superintend treatment of prisoners in the penitentiary but may only deliver from prison on habeas corpus those who are illegally detained there. Adams v. Ellis, 197 F.2d 483 (C.A.5 1952); Sarshik v. Sanford, 142 F.2d 676 (C.A.5 1944).

In consideration whereof, it is

Ordered:

1. The order to show cause, directed to the respondent by this Court's order of March 7, 1963, is discharged.

2. The petition for writ of habeas corpus is denied.

3. The issuance of a certificate of probable cause, as contemplated by Title 28, United States Code § 2253, is denied.

## ORDER DENYING PETITION FOR REHEARING

Since the entry of this court's order dismissing rule to show cause, and denying issuance of writ of habeas corpus, entered April 2, 1963, the court has received from the petitioner a four page letter with attachments which is considered and treated by the court as a petition for rehearing, and in the alternative for the issuance of the certificate of probable cause contemplated by Title 28, United States Code § 2253. In consideration thereof, it is

Ordered said petition is denied in each aspect thereof.