**James E. CARTER**

v.

**Gordon C. KAMKA, et al.**

**Civil No. K–72–642.**

United States District Court, D. Maryland.

July 16, 1996.

C. Christopher Brown, Goldstein & Levy, L.L.P., Baltimore, Maryland, for Plaintiff.

Stuart M. Nathan, Stephanie Lane–Weber, and John B. Howard, State of Maryland, Office of the Attorney General, Baltimore, Maryland, for Defendants.

### MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Senior District Judge.

(1) From time to time one or more members of the plaintiff class, or counsel for the class, have raised the question of whether or not members of the plaintiff class in this case are entitled to counsel in cases other than cases dealing with the status of convictions and/or claims under 42 U.S.C. § 1983. In *Lewis v. Casey,* —— U.S. ——, —— - ——,

116 S.Ct. 2174, 2180–2182, —— L.Ed.2d —— (1996), Justice Scalia, in his majority opinion, wrote, *inter alia,* as follows:

It must be acknowledged that several statements in *Bounds* [*v. Smith* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)] went beyond the right of access recognized in the earlier cases on which it relied, which was a right to bring to court a grievance that the inmate wished to present, *see, e.g., Ex parte Hull,* 312 U.S. [546] at 547–548, 61 S.Ct. [640] at 640–641 [85 L.Ed. 1034 (1941)]; *Griffin v. Illinois,* 351 U.S., [12] at 13–16, 76 S.Ct. [585] at 588–589 [100 L.Ed. 891 (1956)]; *Johnson v. Avery,* 393 U.S., [483] at 489, 89 S.Ct. [747] at 750–751 [21 L.Ed.2d 718 (1969)]. These statements appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court. *See Bounds, supra,* at 825–826, and n. 14, 97 S.Ct. at 1497, and n. 14. These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and we now disclaim them. To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires.

Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the *Bounds* line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, *see Douglas v. California,* 372 U.S. 353, 354, 83 S.Ct. 814, 815, 9 L.Ed.2d 811 (1963); *Burns v. Ohio,* 360 U.S., [252] at 253, 258, 79 S.Ct. [1164] at 1166, 1168–1169 [3 L.Ed.2d 1209; (1959)] *Griffin v. Illinois, supra,* at 13, 18, 76 S.Ct. at 588, 590; *Cochran v. Kansas,* 316 U.S. 255, 256, 62 S.Ct. 1068, 1069, 86 L.Ed. 1453 (1942), or habeas petitions, *see Johnson v. Avery, supra,* at 489, 89 S.Ct., at 750–751; *Smith v. Bennett,* 365 U.S. 708, 709–710, 81 S.Ct. 895, 896–897, 6 L.Ed.2d 39 (1961); *Ex parte Hull, supra,* at 547–548, 61 S.Ct., at 640–641. In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963,

41 L.Ed.2d 935 (1974), we extended this universe of relevant claims only slightly, to "civil rights actions"—i.e., actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights." 418 U.S., at 579, 94 S.Ct., at 2986. . . .

In other words, *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

In accordance with those views as expressed by Justice Scalia for the majority of the Supreme Court, this Court concludes that the outstanding decree in this case does not cover, and should not be extended to cover, representation in cases other than those dealing with the status of convictions and actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights."

(2) This Court understands, however, that through the efforts of one or more of the courts of the State of Maryland, the Maryland State Bar Association, Legal Aid Bureau, Inc., and others, there are certain lawyers practicing in Maryland and/or groups of lawyers who may be willing to undertake pro bono representation of one or more members of the plaintiff class and persons similarly situated in cases involving issues not within the confines pronounced, as above set forth by Justice Scalia. To the extent that the same proves possible, so much the better.

(3) Copies of this Memorandum and Order are today being sent to Messrs. Millemann, Brown, Nathan, and Howard, Ms. Rody, and Ms. Lane–Weber.

(3) It is so ORDERED.